# OKLAHOMA CITY *et al.* v. DUHME.

No. 3814.    Opinion Filed December 22, 1914.

(145 Pac. 408.)

**MUNICIPAL CORPORATIONS—Bonds—Payment—Funds Available—"Separate Special Fund."** Act approved April 17, 1908 (Laws 1907-08, c. 10), providing for the payment of bonds issued pursuant thereto, provides that assessments to pay said bonds shall bear seven per cent interest per annum if paid at maturity and eighteen per cent thereafter as a penalty. It further provides that said bonds before maturity shall bear interest at the rate of six per cent per annum until paid. **Held,** that the one per cent interest collected pursuant thereto in excess of the six per cent interest provided for in the bonds constitutes a part of the separate special fund provided for in the statute, and as such is properly applicable to the payment of said bonds when due and payable.

(Syllabus by the Court.)

*Error from Superior Court, Oklahoma County;*

*E. D. Oldfield, Judge.*

Action by Herman Duhme, Jr., against the City of Oklahoma City, a municipal corporation, and another. Judgment for plaintiff, and defendants bring error. · Affirmed. ·  .

*J. W. Johnson,* for plaintiffs in error..

*G. A. Paul,* for defendant in error, and *M. D. Libby, amicus curiae.*

TURNER, J. This is a proceeding commenced in the trial court upon an agreed statement of facts pursuand to Rev. Laws 1910, sec. 5303, providing for the submission of a controversy. The facts submitted are that defendant in error is the owner of paving bond No. 71 of series No. 75, issued by the municipality of Oklahoma City, for the improvement of Classen Boulevard; that said bond is past due and remains unpaid, although duly presented to ·

the city treasurer for payment; that at the time the city treasurer had collected and had within the treasury a fund sufficient in amount to pay said bond derived by setting aside 1 per cent. of the 7 per cent. interest collected as assessments, the same being in excess of the 6 per cent. provided by law to be paid upon this and other street improvement bonds. The question for us to determine is—

"whether said 1 per cent. so collected by said city and placed in said special fund shall be paid to the persons holding matured bonds and interest coupons upon presentation thereof to the city treasurer."

We think so, for the reason that the statute says so. The statute, among other things, provides that one-tenth of the principal of these bonds shall become due and payable on September 15th of each year, together with interest on the amount of the bonds unpaid. The bonds before maturity are required to bear not exceeding 6 per cent. interest per annum and after maturity until paid, 10 per cent. per annum. Assessments to meet the bonds are payable in ten equal annual installments, and bear interest at the rate of 7 per cent. per annum if paid at maturity and 18 per cent. after maturity as a penalty, and "are payable in each year at such time as the several installments of the assessments are made payable each year. These mounts, including interest, when collected are denominate by statute "assessments," and should be covered in to the treasury as one fund. With reference to the same the statute (Act April 17, 1908; Laws 1907-08, c. 10) provides:

"It shall be the duty of the city clerk to keep an accurate account of all such collections by him made, and to pay to the city treasurer daily the amounts of such assessments collected by him, and the amounts so collected and paid to the city treasurer shall constitute a separate special fund to be used and applied to the payment of such bonds and the interest thereon and for no other purposes."

It will be noted that the statute provides that all such assessments "shall constitute a separate special fund," not funds. As one

fund is contemplated, the confusion arose in this case by segregating the 1 per cent. collected over and above the interest provided for in the face of the bonds and withholding it from being applied in payment thereof. ,This was unwarranted under the law.. The statute is plain, and as this 1 per cent. is a part of the separate special fund collected for the purpose of paying these bonds, it must be so applied pursuant to the statute.

There is nothing in *Spitzer v. City of El Reno,* 41 Okla. 430, 138 Pac. 797, to militate against this opinion.

The judgment of the trial court is affirmed.

All the Justices concur, except KANE, C. J., absent and not participating.