### OKLAHOMA CITY v. HOEHLER et al.

No. 8886—Opinion Filed July 30, 1918.

Rehearing Denied Sept. 24, 1918.

(175 Pac. 198.)

(Syllabus.)

#### Municipal Corporations—Interest on Bonds —Recovery—Statute.

In an action against a municipal corporation to recover interest alleged to be due upon warrants and bonds issued to pay for paving certain streets of the city, plaintiff failed to prove that the city treasurer had collected and that there was then or had been at any time in his hands sufficient moneys collected from assessments against the property benefited to pay said claim. The city had not failed to discharge any duty imposed upon it by law with reference to the assessment and collection of the amounts levied against the property benefited. Held, that the court erred in rendering judgment against the city.

Error from District Court, Oklahoma County; John W. Hayson, Judge.

Action by F. C. Hoehler and H. W. Cummings, partners as Hoehler & Cummings, against the City of Oklahoma City. Judgment for plaintiffs, and defendant brings error. Reversed, and cause remanded.

B. D. Shears, A. T. Boys, and Claud Thorp, for plaintiff in error.

G. A. Paul, for defendants in error.

HARDY, J. F. C. Hoehler and F. W. Cummings as partners commenced this action against the city of Oklahoma City to recover certain sums alleged to be due as interest on certain paving warrants and bonds from the maturity of said obligations to the payment thereof. Judgment was for plaintiff, and the city appears.

The ordinances under which the obligations were issued were approved by the mayor on various dates beginning March 3, 1908, until July 4, 1908. The streets on which the improvements were made were improved, some of them under House Bill No. 231, Session Laws 1907-08, approved April 17, 1908 (chapter 10, art. 1), and some of them under the law as it existed prior to the passage and approval of said House Bill No. 231. By section 449, 1 Wilson's Rev. & Ann. Statutes 1903, it is provided that the individual credit of the city shall not be pledged for the payment of warrants issued to pay for municipal improvements of the character for which the warrants involved were issued, and section 635, Rev. Laws 1910, being part of section 5 of House Bill No. 231, also provides that the bonds issued under the authority of that chapter shall in no event become a liability of the city which issued same. Plaintiff failed to prove that the city treasurer had collected and that there was then in his hands, or had ever been, a sum of money realized from assessments against the property benefited sufficient to pay plaintiff's claim. The statutes cited clearly provide that the obligations sued upon should not be a liability against the city, and these obligations were issued subject to the provisions mentioned, and the purchaser of the warrants and bonds took them with knowledge of the fact that they were not a liability against the city, and that funds for the payment thereof would be derived from assessments against the property benefited by the improvements.

The case of Oklahoma City et al. v. Duhme, 45 Okla. 75, 145 Pac. 408, is not in conflict with this conclusion. It appears in that case that at the time that action was commenced the city treasurer had collected and had within the treasury a fund sufficient to pay the bond sued upon, and the precise question which the court was called upon to determine was whether the 1 per cent. collected by the city in excess of the rate of interest which the bonds bore properly belonged to the city, or should be applied to the payment of matured bonds and interest coupons upon presentation thereof, and it was held that said 1 per cent. was collected for

the purpose of paying said bonds, and should be so applied pursuant to the statute. It is not contended that the city had failed to discharge any of the duties imposed upon it by law with reference to the assessment and collection of the amounts levied against the property benefited, nor that it had collected or had in its hands moneys derived from that source which should be applied to the payment of the plaintiff's claim, and therefore the court erred in rendering judgment for plaintiff.

This view of the case renders unnecessary a consideration of the other questions involved. The judgment is therefore reversed, and the cause remanded.

SHARP, C. J., and KANE, OWEN, and RAINEY, JJ., concur.